**Starlett GILBERT, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 49A04–1102–CR–77.**

Court of Appeals of Indiana.

Sept. 26, 2011.

---

Bernice A.N. Corley, Public Defender Agency, Indianapolis, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Karl M. Scharnberg, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BAKER, Judge.

Today we address some basic principles of fundamental due process, namely, a criminal defendant's right to confront witnesses against her, its interrelationship with hearsay evidence, and the State's burden to prove its case beyond a reasonable doubt. More particularly, the State argues that the introduction of hearsay testimony through a police officer was harmless error, inasmuch as the appellant-defendant, Starlett Gilbert, could have called the declarant, who was also a police officer and present at trial, to challenge the hearsay statements that were erroneously admitted.

Declining to accept the State's concession, we conclude that the officer's testimony was not hearsay, insofar as it was not offered to prove the truth of the matter asserted. Rather, the out-of-court statements were made to prompt Gilbert to speak, and it was her statements that constituted the evidentiary weight of the conversation.

Moreover, although it is the State's burden to prove its case, Gilbert was not denied her right to confrontation because the Confrontation Clause of the Sixth Amendment to the United States Constitution does not apply to nonhearsay statements even if they are testimonial. Additionally, Gilbert was provided the opportunity to cross-examine one of the two police officers who was present during the entire incident. Consequently, we affirm.

*FACTS*

On April 23, 2010, Officer Shane Decker and Detective Larry Wilkerson of the Indianapolis Metropolitan Police Department were working undercover when they received a dispatch that a woman was soliciting outside Butler's Pizza in Indianapolis. They drove past the restaurant and saw Gilbert arguing with a man in the doorway. Officer Decker parked the vehicle across from the business and sounded the horn. Gilbert jogged over to the vehicle and approached the passenger window. Officer Decker rolled down the window, and Gilbert asked the men what they were doing. Officer Decker responded that they "were looking to do some partying." Tr. p. 11.

Gilbert took a seat in the rear on the passenger side behind Detective Wilkerson. Gilbert asked them if they had a place to go, and Officer Decker explained that they were unfamiliar with the area. Gilbert suggested that they drive to her place and gave them directions. When they arrived, Gilbert wanted to go inside, but the officers identified themselves and placed her under arrest for prostitution.

On April 24, 2010, Gilbert was charged with one count of class A misdemeanor prostitution;[1] however, a second count, alleging that she had two prior convictions for prostitution enhanced the first count to a class D felony.

Gilbert's bench trial commenced on February 7, 2011. Officer Decker and Detective Wilkerson were present at the trial. Officer Decker was the State's first witness. During direct examination, the following exchange occurred:

Q: On the way to the 1000 block of North Winfield did any other communications occur?

A: She asked what we wanted to do, what we were looking for. Also Wilkerson said that he wanted to . . .

MS. JOACHIM: I am going to object to that Judge if it is going to be hearsay.

MR. HIRSCHAUER: May I respond Your Honor?

THE COURT: Yes you may, in what regard?

MS. JOACHIM: If it is what Officer Wilkerson said.

THE COURT: Yeah, you may respond.

MR. HIRSCHAUER: Judge I believe it does qualify for hearsay although Officer Wilkerson is here to testify and he will testify as to what he said. It simply will speed up the process but if the Court wishes to sustain the objection that is perfectly fine Your Honor.

THE COURT: Overruled.

Q: What was it that Officer Wilkerson said?

A: He said that he wanted to have oral sex.

Q: Was that the specific language that he used?

A. No he stated that he wanted some h* *d.

Q: And in your training and experience does that terminology have meaning?

A: Yes sir.

Q: And could you explain to the Court for purposes of the record what that meaning is?

A: That he wanted to receive oral sex.

Q: And did Miss Gilbert respond to that?

A: She asked how much money that we had and I said that I had $20.00.

Q: And how did she respond to that?

---

1. Ind.Code § 35–45–4–2.

A: She said that that would be okay.

Tr. p. 12–13.

At that point, Officer Decker explained that they had arrived at their destination. Officer Decker was then asked whether it was his understanding "that there was an agreement that had been reached?" *Id.* at 13. Officer Decker responded, "Yes sir.... [t]o pay $20.00 for fellatio." *Id.* at 14.

After Officer Decker was briefly cross-examined by the defense, the State was asked to call its next witness. The deputy prosecutor responded, "Judge although we have the second witness I don't believe his testimony is necessary at this time. I would ask that their subpoena stay in place and that he may be used for purposes of rebuttal depending on how the trial takes place." *Id.* at 16. The State, however, did not call Detective Wilkerson to testify.

At the conclusion of the bench trial, Gilbert was found guilty as charged. Gilbert was sentenced immediately after her trial to 545 days imprisonment with two days executed and the remainder suspended to probation. Gilbert now appeals.

### DISCUSSION AND DECISION

Gilbert sets forth two interrelated arguments. Gilbert contends that the trial court abused its discretion when it admitted Officer Decker's hearsay testimony regarding Detective Wilkerson's statements and that its admission violated her right to confrontation under the Sixth Amendment to the United States Constitution.[2]

■ The trial court's decision to admit evidence is reviewed for an abuse of discretion. *Payne v. State*, 854 N.E.2d 7, 13 (Ind.Ct.App.2006). An abuse of discretion occurs where the trial court's decision is clearly against the logic and effect of the facts and circumstances before it or the court misinterprets the law. *Carpenter v. State*, 786 N.E.2d 696, 703 (Ind.2003).

Hearsay is an out-of-court statement that is offered to prove the substance of the statement itself. Ind. Evidence Rule 801(c). Hearsay is generally inadmissible unless it falls within one of the exceptions to the rule. Evid. R. 802.

■ Here, the State concedes that Officer Decker's testimony regarding Detective Wilkerson's statements to Gilbert that he wanted to receive oral sex from her were hearsay and should not have been admitted. Appellee's Br. p. 6. Nevertheless, the State points out that by declining to call Detective Wilkerson as a witness, Gilbert "presumably accept[ed] Officer Decker's account of the detective's statement." *Id.*

■ To begin, we emphasize that it is a basic tenet of fundamental due process that a criminal defendant does not have to prove or disprove anything. Put another way, the burden is entirely on the State to prove all of the elements of the charged offense beyond a reasonable doubt. *Bell v. State*, 881 N.E.2d 1080, 1086 (Ind.Ct.App. 2008). Accordingly, the State's argument that Gilbert should have called Detective Wilkerson as a witness is tenuous at best.

Furthermore, notwithstanding the State's concession, Officer Decker's testimony regarding Detective Wilkerson's statements was not hearsay, inasmuch as it was not offered for its substantive truth. More particularly, Officer Decker's testi-

---

**2.** Gilbert also argues that when Officer Decker's hearsay testimony is excluded, the evidence is insufficient to sustain her conviction. In light of our conclusion that Officer Decker's testimony did not contain inadmissible hearsay, we need not address her sufficiency claim.

mony that Detective Wilkerson stated to Gilbert that "he wanted some h* *d" was not offered to prove that Detective Wilkerson, in fact, wanted to receive oral sex. Tr. p. 13. Rather, the statement was introduced to show that it was made, and, more importantly, provided context for Gilbert's response, which was to ask how much money they had. *Id.*

In short, Detective Wilkerson's statements are not hearsay because their purpose was to prompt Gilbert to speak, and, therefore, it was Gilbert's statements that constituted the evidentiary weight of the conversation. *See Williams v. State*, 930 N.E.2d 602, 608–09 (Ind.Ct.App.2010) (holding that the recorded statements of a confidential informant were not hearsay, inasmuch as they were designed to prompt the defendant to speak and as such, the defendant's statements constituted the evidentiary weight of the conversation).

Moving forward to Gilbert's contention that the admission of Detective Wilkerson's out-of-court statements violated her right to confrontation under the Sixth Amendment, we note that "the Confrontation Clause does not apply to non-hearsay statements, even if those statements are testimonial." *Id.* at 609 (citing to *Crawford v. Washington*, 541 U.S. 36, 59 n. 9, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004)).

Moreover, in *Pendergrass v. State*, our Supreme Court, engaging in a lengthy analysis of *Crawford* and its progeny, noted that "[i]f the chief mechanism for ensuring reliability of evidence is to be cross-examination, Pendergrass had the benefit here." 913 N.E.2d 703, 708 (2008). Specifically, Pendergrass had been provided the opportunity to cross-examine the laboratory supervisor and the expert who interpreted the test results for the jury. *Id.* at 707–08. Our Supreme Court determined that this was sufficient even though the State did not offer the testimony of the laboratory processor, and Pendergrass was not provided the opportunity to cross-examine her. *Id.* at 708.

Likewise, in the instant case, Gilbert was given the opportunity to cross-examine Officer Decker, who was present during the entire time that Gilbert was with the officers. Consequently, Gilbert was not denied her right of confrontation.

That being said, we do not mean for our conclusion to be interpreted as approval for the manner in which the State presented its case. To be sure, the State had the opportunity to procure the testimony of Detective Wilkerson but declined to do so. While we affirm the trial court, we strongly caution the State against such haphazard work in the future.

The judgment of the trial court is affirmed.

KIRSCH, J., and BROWN, J., concur.