**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Sep 03 2014, 10:44 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**MATTHEW J. MCGOVERN**
Anderson, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ANGELA N. SANCHEZ**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| SAMANTHA LEE, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 31A01-1401-CR-4 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE HARRISON SUPERIOR COURT
The Honorable Elizabeth W. Swarens, Judge Pro Tempore
Cause No. 31D01-1112-FD-988

**September 3, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BAKER, Judge**

Samantha Lee appeals her conviction for one count of Neglect of a Dependent, a Class D felony,[1] and four counts of Neglect of a Vertebrate Animal, a Class A misdemeanor.[2] Lee raises two issues on appeal: (1) that the trial court erred in admitting evidence obtained following a search of her residence that she maintains violated her rights under the Fourth Amendment to the United States Constitution; and (2) that her sentence is inappropriate in light of the nature of her offense and her character. Finding that the evidence obtained following the search of Lee's residence was properly admitted and that her sentence is not inappropriate, we affirm the judgment of the trial court.

## FACTS

Jeri Warren had been caring for some stray cats that she could no longer keep. She contacted Samantha Lee, who claimed to run a no-kill animal rescue. Lee agreed to take the cats, and on November 16, 2011, Lee drove to Warren's house to pick them up. The next morning, Warren attempted to call Lee to check on the cats but Lee's phone was disconnected. Warren decided to drive to Lee's home to check on the cats. When she arrived, she observed Lee's home in a filthy condition. An intolerable odor filled the air. Shocked by the conditions, she called the police.

Shortly thereafter, Officer Gilley arrived at Lee's home. He was met with a strong odor of urine and feces, which became stronger as he approached the home. He observed a dog and four chickens, all without food or water, in cages on the front porch. Officer

---

[1] Ind. Code § 35-46-1-4(a)(1).

[2] I.C. § 35-46-3-7(a).

Gilley was then met by Officer Bruce Lahue, an Animal Control Officer who had also been dispatched to the home. The officers knocked on the front door but there was no answer. Looking through the uncovered windows, the officers observed a living area in a state of complete disarray. Garbage and feces were strewn about the floor and at least eight cats roamed the premises. The officers went around to the back entrance of the home in an attempt to make contact with Lee. In the backyard, they observed two caged dogs lying in mud without any food or water.

The next day, Officer Gilley sought a search warrant and included these observations in his probable cause affidavit. The warrant was granted and the subsequent search uncovered substantial evidence of neglect of animals. Specifically, thirty-four cats were discovered inside the home, which was in shambles. The walls, floors, and cabinets were covered in feces. Vomit and blood were found in some areas. The odor was unbearable, to the point of causing physical reactions in the officers conducting the search.

All of the animals were taken to the Harrison County Animal Shelter. Many were ill and severely underweight; some died and others had to be euthanized. At this time, Lee also had two minor children living in the home. The Department of Child Services determined that the home was unsafe for children and ordered Lee to make other living arrangements for her children until she improved the conditions inside her home.

On December 16, 2011, the State charged Lee with one count of neglect of a dependent, a class D felony, and four counts of neglect of a vertebrate animal, a class A

misdemeanor. On October 18, 2013, Lee filed a motion to suppress evidence, alleging that the search warrant for her home had been issued without probable cause. This motion was denied on November 5, 2013, and three days later, on November 8, 2013, a jury found Lee guilty as charged. The trial court sentenced Lee to three years for the neglect of a dependent count and one year for each neglect of a vertebrate animal count, to run concurrently with each other and consecutively to the neglect of a dependent count, for a total sentence of four years. The trial court suspended three and one-half years of the sentence to probation and sentenced Lee to 1000 hours of community service. Lee now appeals.

## DISCUSSION AND DECISION

Lee presents two arguments on appeal. First, she contends that the probable cause affidavit was insufficient to support a finding of probable cause to search her residence, and thus, the trial court erred in admitting evidence obtained from the search. Second, she argues that her sentence was inappropriate and should be amended by this court pursuant to Indiana Appellate Rule 7(B).

### I. Admission of the Evidence Obtained from a Search of Lee's Residence

Lee argues that the trial court erred in admitting evidence obtained by a search of her residence because the warrant authorizing the search was not supported by probable cause. She maintains that the probable cause affidavit, which was the basis for the issuance of the warrant, was defective for two reasons. First, the affidavit contained information that the police obtained after entering her backyard: an entry which Lee

4

believes violated her Fourth Amendment rights. Second, Lee argues that the affidavit was based, in part, on unreliable hearsay. Lee asserts that the affidavit was insufficient without this information.

We review a trial court's decision to admit evidence for abuse of discretion. Gilbert v. State, 954 N.E.2d 515, 518 (Ind. Ct. App. 2011). Abuse of discretion will only be found when "the trial court's decision is clearly against the logic and the effect of the facts and circumstances before it or the court misinterprets the law." Id. Lee argues that the trial court erred when it admitted the evidence because it was obtained as a result of a search which was not supported by probable cause. When reviewing a magistrate's decision to grant a search warrant, "the duty of the reviewing court is to determine whether the magistrate had a 'substantial basis' for concluding that probable cause existed." Bradley v. State, 4 N.E.3d 831, 840 (Ind. Ct. App. 2014) (quoting Illinois v. Gates, 426 U.S. 213, 238-39 (1983)). "Although we review de novo the trial court's substantial-basis determination, we nonetheless afford significant deference to the magistrate's determination as we focus on whether reasonable inferences drawn from the totality of the evidence support that determination." Id.

### A. Entry into Lee's Backyard

Lee first takes issue with the officers' entry into her backyard. Before we address Lee's argument, it is important to note what Officer Gilley observed prior to entering Lee's backyard. As Officer Gilley approached Lee's home, he observed in plain view a dog and four chickens, all without food or water. As he stepped onto Lee's front porch,

5

he could observe in plain view through the window that her residence was in disarray. Officer Gilley observed eight cats moving around a living area that was covered with garbage and feces. A strong odor of urine and feces emanated from inside the house. All of this information was included in his probable cause affidavit.

"[P]robable cause is a fluid concept," which "must be decided on the facts of each case." Bradley v. State, 4 N.E.3d 831, 840 (Ind. Ct. App. 2014). "[P]robable cause requires only a probability or substantial chance of criminal activity, not an actual showing of such activity." Illinois v. Gates, 426 U.S. 213, 245 n.13 (1983). Based on the facts mentioned above, there was a substantial basis for issuing a search warrant. Officer Gilley's description of the front porch and interior of the residence established good cause to believe that either neglected animals or evidence of neglected animals would be found inside.

Furthermore, we do not agree with Lee's contention that the officers entered her backyard illegally. The mere fact that an area is within the curtilage of a home does not automatically transform an officer's observation of that area into an unconstitutional search. Trimble v. State, 842 N.E.2d 798, 801 (Ind. 2006). While Lee is correct that the State bears the burden of proving that a warrantless search fell into an exception to the warrant requirement, there is no evidence in the record tending to show that a search occurred in the first place.

"[T]he Fourth Amendment protects people, not places." Id. at 802. "[A] person must have exhibited an actual (subjective) expectation of privacy" in an area in order for

that area to be protected under the Fourth Amendment. <u>Katz v. United States</u>, 389 U.S. 347, 360 (1967) (Harlan, J., concurring). Fourth Amendment protection is extended to the curtilage of the home because this is an area in which people have a heightened expectation of privacy. <u>Trimble</u>, 842 N.E.2d at 802. However, "there is no Fourth Amendment protection for activities or items that, even if within the curtilage, are knowingly exposed to the public." <u>Id</u>. A search does not occur when an officer simply sees what any member of the public could have seen. <u>Bruce v. State</u>, 268 Ind. 180, 229, 375 N.E.2d 1042, 1069 (Ind. 1978). Here, there is no evidence indicating whether that which the officer observed in Lee's backyard could be seen by the public.

Lee argues that the officer should not have been in her backyard. After viewing the premises in an alarming condition, the officers entered Lee's backyard in an effort to make contact with Lee. The ordinary route that a visitor would take to approach a residence is not protected by the Fourth Amendment. <u>Trimble</u>, 842 N.E.2d at 802. "Which areas of a given piece of real estate may reasonably be viewed as open to visitors is fact-specific." <u>Id</u>. Once again, there is no evidence in the record that, in approaching the rear door of her home, the officer strayed from a path that was open to the public. Because there is nothing in the record to indicate that Lee had a reasonable expectation of privacy in her backyard and its contents, we cannot agree with Lee's contention that a warrantless search occurred for Fourth Amendment purposes.

7

B. Hearsay in the Probable Cause Affidavit

Lee next argues that the probable cause affidavit was based on unreliable hearsay. Indiana Code section 35-33-5-2 deals with the issue of hearsay in probable cause affidavits and states:

(b) When based on hearsay, the affidavit must either:

(1) contain reliable information establishing the credibility of the source and of each of the declarants of the hearsay and establishing that there is a factual basis for the information furnished; or

(2) contain information that establishes that the totality of the circumstances corroborates the hearsay.

Putting the reliability of the hearsay statements aside, Lee's argument fails because the affidavit cannot reasonably be interpreted as being based on hearsay statements. "The credibility of an informant in a probable cause affidavit is not required when, as here, a warrant is based on a police officer's personal observations." Taylor v. State, 615 N.E.2d 907, 911 (Ind. Ct. App. 1993). The bulk of the affidavit contains Officer Gilley's personal observations of Lee's residence. The affidavit is properly characterized as being based on these observations. Lee points to the following language from the affidavit:

On November 16th, 2011, the complainant Jeri D. Warren, states that she had two (2) felines which she could no longer keep, as a condition of her lease. Warren was put in contact with Samantha Lee… Lee agreed to take the two (2) felines… Warren attempted to contact Lee… Warren was unable to contact Lee by phone, and drove to her residence… Upon arriving at the residence, Warren "fled" the residence and contacted Harrison County Police, due to the unacceptable living conditions.

8

Appellant's Br. p. 16.

Officer Gilley included these statements in order to explain why he went to investigate Lee's home. With the exception of the phrase "unacceptable living conditions," Warren's statements are not descriptive and thus not important to a probable cause determination in this case. Lee also points to Officer Gilley's inclusion of the following sentence: "Bruce Lahue, Harrison County Animal Control Officer, believes that the living conditions of the animals are inadequate, and noticed that several visible animals were underweight." Appellant's Br. p. 17. Lahue was accompanying Officer Gilley at the scene when he made these observations, thus Officer Gilley, who was viewing the same scene when the statement was made, instantly corroborated this information. In short, the affidavit was not based on hearsay. The hearsay that was included was corroborated by Officer Gilley's own observations and, therefore, reliable.

We find that the probable cause affidavit provided a substantial basis for finding probable cause and, therefore, the search warrant was supported by probable cause. Consequently, the trial court did not abuse its discretion in admitting evidence obtained from the subsequent search.

## II. Appropriateness of Lee's Sentence

Lee asks this court to amend her sentence pursuant to Indiana Rule of Appellate Procedure 7(B). Lee was convicted of one count of neglect of a dependent, a class D felony. Sentences for class D felonies can run between six months and three years, with the advisory sentence being one and one-half years. Ind. Code § 35-50-2-7(a). Lee was

sentenced on this count to the maximum of three years. Lee was also convicted of four counts of neglect of a vertebrate animal, a class A misdemeanor. Sentences for class A misdemeanors can run up to a year. I.C. § 35-50-3-2. Lee was sentenced to one year on each of the four counts to run concurrently, for a total of one year. In total, Lee was sentenced to four years, of which three and one-half were suspended to probation, and 1000 hours of community service.

Indiana Appellate Rule 7(B) allows this court to revise a sentence if, "after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." The question is not whether a different sentence would be more appropriate, but rather, whether the defendant's sentence is inappropriate. Steinberg v. State, 941 N.E.2d 515, 535 (Ind. Ct. App. 2011). In reviewing a sentence, this court will consider the "totality of the penal consequences," including whether a portion of the sentence has been suspended. Davidson v. State, 926 N.E.2d 1023, 1024 (Ind. 2010). The defendant has the burden of persuading this court that the sentence is inappropriate. Steinberg, 941 N.E.2d at 535.

Lee left two children living in deplorable conditions. Debris in one child's bedroom was knee-high. The other child managed to keep her room clean only by closing and locking the door behind her at all times. Garbage, feces, vomit, and even blood were present throughout the rest of the residence. The odor was intolerable.

10

Lee also kept thirty-four cats and a number of dogs and chickens, many of which were ill, in a state of neglect. All of these animals had to be taken in by the county animal shelter at the expense of the county. For this, Lee was charged with four counts of neglect of a vertebrate animal. Importantly, three and one-half years of Lee's total sentence were suspended to probation. Lee was ordered to perform 1000 hours of community service, which, when spread out over the course of her probationary period, amounts to about five and one-half hours per week.

Lee's actions, although perhaps initially motivated by a desire to help, have resulted in emotional pain and suffering to individuals as well as physical pain and suffering, and even death, to animals, all at a great cost to the State. Therefore, in light of the nature of Lee's offense and her character, after consideration of the totality of the penal consequences, we do not believe that Lee's sentence is inappropriate.

The judgment of the trial court is affirmed.

KIRSCH, J., and ROBB, J., concur.